J-S37009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| | : | |
| BRIAN ADORNO | : | |
| | : | |
| Appellant | : | No. 2624 EDA 2022 |

Appeal from the PCRA Order Entered September 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009110-2017

BEFORE: BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 08, 2024**

Appellant, Brian Adorno, appeals from the post-conviction court's September 28, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant raises two claims of ineffective assistance of counsel. After careful review, we affirm.

Appellant summarized the facts of his underlying convictions in this case, as well as in a related case, as follows:

> At around 1:15 a[.]m. on June 24, 2017, at the 2900 block of American Street in Philadelphia, Pennsylvania, [Appellant] physically assaulted the victim, S.A. ("the victim"). [Appellant] punched the victim numerous times in the face and chest. The victim escaped from [Appellant], drove away in her vehicle, and was followed by [Appellant], in his vehicle.
>
> Following a brief vehicle chase, [Appellant] rammed his vehicle into the back of the victim's vehicle. The collision caused the victim's vehicle to crash[] and become stuck between a wall and a light pole. [Appellant] and the victim exited their vehicles, and [Appellant] approached the victim. [Appellant] shoved the victim against the wall, punched her in the face, knocked her to the

ground, and, while she was lying on the ground, kicked her in the face.

[Appellant] eventually left in his vehicle. Paramedics and police arrived and assisted the victim. The victim was transported to the emergency department, and reported suffering from pain, dizziness, headaches, difficulty breathing through her nose, and blurry vision. She was diagnosed with a maxillary fracture, and extensive bruising and swelling in her face. The victim underwent surgery to correct the maxillary fracture.

On July 26, 2017, [Appellant] was charged, at [CP-51-CR-000]9129-2017, with possessing an instrument of crime, simple assault, and recklessly endangering another person.

On September 13, 2017, as the victim was driving home from dropping her daughter off at school, she noticed [Appellant] following her in his vehicle. [Appellant] passed the victim, and pulled in front of the victim's vehicle. The victim slowed her vehicle, turned onto a cross-street, and, fearing that [Appellant] would crash into her vehicle, brought it to a stop. [Appellant] stopped his vehicle behind the victim's vehicle[] and exited his vehicle. He then approached the victim's vehicle, opened the front passenger-side door, and entered the passenger compartment, without the victim's permission.

[Appellant] punched the victim in the face between ten and twenty times. [Appellant] then reached for a 10-inch knife in his pocket, at which time the victim exited her vehicle and ran down the street. [Appellant] initially pursued the victim, but at some point stopped and fled the scene in his vehicle. The victim sought help from a nearby bystander, who called the police.

Police and paramedics arrived and took the victim to the hospital. As a result of the assault, the victim suffered a broken nose, a maxillary fracture, extensive bruising and swelling in her face and both eyes, and cuts to both lips. The victim underwent surgery to correct the broken nose.

Appellant's Brief at 8-9.

Based on the September 13, 2017 assault of the victim, Appellant was arrested and charged in the instant case (CP-51-CR-0009110-2017) with aggravated assault, 18 Pa.C.S. § 2702(a); simple assault, 18 Pa.C.S. §

2701(a); recklessly endangering another person, 18 Pa.C.S. § 2705; harassment, 18 Pa.C.S. § 2709(a)(1); stalking, 18 Pa.C.S. § 2709.1(a)(1); and possessing an instrument of crime, 18 Pa.C.S. § 907(a).

The trial court consolidated Appellant's two cases for a non-jury trial. On June 18, 2018, Appellant was convicted of all counts in both cases. On October 15, 2018, Appellant was sentenced to an aggregate term of 8 to 16 years' incarceration at both cases. Pertinent to the instant appeal, the Commonwealth sought imposition of the deadly-weapon enhancement of the Sentencing Guidelines, which calls for enhanced guideline ranges where a deadly weapon is possessed or used during the commission of an offense. **See** 204 Pa.Code § 303.10(a)(1), (a)(2). Here, the trial court concluded that the deadly weapon "possessed" enhancement applied. **See** N.T. Sentencing, 10/15/18, at 7-8. Thus, the court utilized an enhanced, sentencing-guideline range of 81 to 99 months' incarceration, rather than the standard range of 72 to 90 months' incarceration, for Appellant's aggravated assault conviction. **Id.** at 5, 8. Ultimately, Appellant received a term of 7 to 14 years' incarceration for that offense.

Appellant filed a timely, post-sentence motion, which the court denied on October 29, 2018. Appellant then filed a timely direct appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal on December 2, 2020. **See Commonwealth v. Adorno**, 237 A.3d 1084 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 242 A.3d 914 (Pa. 2020).

On May 10, 2021, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf on October 6, 2021. Therein, Appellant raised various claims of ineffective assistance of Appellant's trial counsel, Gregory Weyer, Esq. On September 28, 2022, the court held an evidentiary hearing at which Attorney Weyer and Appellant testified. On September 29, 2022, the PCRA court issued an order dismissing Appellant's petition.

Appellant filed a timely notice of appeal, and he complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On December 15, 2022, the judge who presided over Appellant's PCRA proceeding sent this Court a letter stating that she had resigned from the Court of Common Pleas of Philadelphia County in light of her appointment to the Federal District Court for the Eastern District of Pennsylvania, and that her findings of fact and conclusions of law set forth at the close of the PCRA hearing adequately explained the basis for her decision to dismiss Appellant's petition.

Herein, Appellant states two issues for our review:

[I.] Whether the court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective for failing to object and litigate the search and seizure of Appellant's vehicle on date of arrest?

[II.] Whether the court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective for failing to adequately explain the guilty plea offer?

Appellant's Brief at 7.

- 4 -

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

Additionally, we recognize that, in regard to ineffectiveness claims,

> [c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the *Strickland v. Washington*, 466 U.S. 668 (1984)[,] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *See Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2016)

(internal brackets added by *Charleston* omitted).  Moreover, "[a] court is not

required to analyze the elements of an ineffectiveness claim in any particular

order of priority; instead, if a claim fails under any necessary element of the

ineffectiveness test, the court may proceed to that element first."

*Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014).

Instantly, Appellant first argues that Attorney Weyer was ineffective for

not filing a motion to suppress a knife that was recovered during a warrantless

search of Appellant's vehicle.  According to Appellant,

> at the time of [his] arrest, he was already in custody and outside
> of his vehicle that was approximately one hundred (100) feet
> away from his person.  Appellant contends that the officer, after
> handcuffing Appellant, without his consent or [a] warrant, took his
> car keys and signaled the vehicle's alarm system via the key fob
> to locate the vehicle.  Subsequently, the police then found the
> vehicle and conducted a full search and seized a knife that [was]
> presented at trial as key evidence.
>
> Trial counsel was informed of such, but neglectfully took no steps
> to litigate … a [suppression] claim.  There was no reason for
> counsel to not litigate a suppression motion.  Appellant was
> prejudiced as the discovery of the knife prejudiced his defense.

Appellant's Brief at 15-16.

After careful review, we conclude that no relief is due.  Initially,

> [t]his Court has previously found that the failure to file a
> suppression motion under some circumstances may be evidence
> of ineffective assistance of counsel.  However, if the grounds
> underpinning that motion are without merit, counsel will not be
> deemed ineffective for failing to so move.  The defendant must
> establish that there was no reasonable basis for not pursuing the
> suppression claim and that if the evidence had been suppressed,

there is a reasonable probability the verdict would have been more favorable.

*Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016) (cleaned up).

Here, aside from quoting the Fourth Amendment of the United States Constitution, and citing Article I, Section 8 of the Pennsylvania Constitution, Appellant does not cite or discuss any legal authority to support that a motion to suppress the knife would have been granted, had Attorney Weyer filed one. As the Commonwealth convincingly argues,

> [u]nder controlling precedent at the time of defendant's trial in 2018, police needed only probable cause—the existence of which [Appellant] rightly does not contest—to conduct a warrantless search of his car.  No exigency beyond the "inherent mobility of a motor vehicle" would have been necessary.  *See Commonwealth v. Gary*, 91 A.3d 102, 138 (Pa. 2014).  Although the Pennsylvania Supreme Court later overruled that precedent, holding that the state constitution requires both probable cause and exigent circumstances for a warrantless search of a vehicle, it did not do so until December of 2020, two and a half years after [Appellant's] trial.  *See Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020).

Commonwealth's Brief at 11.  We agree.  Again, Appellant offers no discussion of why a suppression motion would have succeeded under the pertinent legal authority in 2018.  He also fails to address why probable cause was lacking to justify the warrantless search of his vehicle.  Consequently, he has failed to demonstrate arguable merit to his ineffectiveness claim.

Nevertheless, we also point out that Appellant offers no relevant response to the PCRA court's conclusion that Attorney Weyer offered a reasonable basis for his decision to not seek to suppress the knife.  *See* N.T.

PCRA Hearing, 9/28/22, at 30. Namely, Attorney Weyer testified at the PCRA hearing that "[a] big part of [his] defense strategy was to question [the victim] about the knife, specifically that she never brought up the knife until her third statement" to police. *Id.* at 12. Thus, Attorney Weyer explained that he did not seek to suppress the knife because he planned to use that evidence to attack the victim's credibility. *Id.* Again, Appellant offers no developed argument challenging the reasonableness of Attorney Weyer's decision in this regard. Accordingly, he has failed to prove that counsel acted ineffectively.

In Appellant's second issue, he claims that Attorney Weyer acted ineffectively by failing to advise Appellant, during plea negotiations, that a deadly-weapon sentencing enhancement might apply to his case. According to Appellant, had he been notified about the possibility of a sentencing-guideline enhancement, he would have accepted the Commonwealth's plea offer of 4 to 8 years' incarceration, rather than proceeding to trial.

Again, no relief is due. Preliminarily, we recognize that,

a post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:

[B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super. 2015) (quoting *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)).

In this case, we conclude that Appellant has failed to demonstrate that he would have accepted the plea offer, had he been told of the possibility that a deadly-weapon enhancement might apply. Although Attorney Weyer testified at the PCRA hearing that he did not recall specifically discussing with Appellant the possibility of a deadly-weapon enhancement applying if Appellant proceeded to trial, counsel did inform Appellant of the statutory maximum applicable to his aggravated assault charge, as well as the standard sentencing guideline ranges for that offense, when discussing Appellant's decision to plead guilty. *See* N.T. PCRA Hearing at 8, 18. Specifically, the statutory maximum term for aggravated assault is 20 years' incarceration, and Appellant's standard-range guidelines for that offense were 72 to 90 months' incarceration, plus or minus 12 months in the aggravated/mitigated range. *See id.* at 18. Thus, as the PCRA court pointed out, applying the deadly-weapon "possessed" enhancement only raised Appellant's guideline range by nine months. *Id.* at 30.

Additionally, Attorney Weyer testified that Appellant's decision to reject the plea offer and proceed to trial was premised on the fact that he had been found not guilty based on a claim of self-defense in another, unrelated case, and he had "the belief that there was a potential way to get a not guilty on [the] aggravated assault" charge in the instant case, as well. *Id.* at 10. Counsel testified that he told Appellant "what [he] thought" about the offer

and explained the risks of proceeding to trial. *Id.* More specifically, Attorney Weyer testified that he advised Appellant that "there [were] arguments that this could have been a simple assault as opposed to aggravated assault based on … [the] credibility attacks that [counsel] wanted to … pursue[] at trial of the [victim]…." *Id.* at 11. Importantly, counsel testified that he would not have advised Appellant differently regarding the plea offer, even had counsel been aware of the possibility of the deadly-weapon enhancement applying. *Id.* Furthermore, Attorney Weyer stated that Appellant's decision to proceed to trial was his, and his alone. *Id.* at 10.

Given this record, Appellant has failed to prove that he would have accepted the plea agreement had he known that a sentencing enhancement might apply. When deciding to proceed to trial, Appellant was well-aware that he faced a statutory maximum term of 20 years' imprisonment for aggravated assault, and he knew the sentencing guidelines called for a minimum of 72 to 90 months' incarceration in the standard range. According to Attorney Weyer, Appellant decided to proceed to trial because he believed he could be acquitted on his claim of self-defense, and counsel testified that his advice to Appellant regarding the plea would not have changed, even had they discussed the sentencing enhancement. Consequently, we are unconvinced that Appellant's decision to reject the plea offer would have changed, had he known of the **possibility** that a deadly-weapon enhancement might raise his sentencing guideline ranges by **nine months**. As the Commonwealth stresses, Appellant "bore the burden to show that his decision to reject the plea offer, stand trial,

and risk a much longer sentence than the one called for in the plea offer was affected by the allegedly deficient advice about a potential enhancement under the advisory sentencing guidelines." Commonwealth's Brief at 13-14 (citing **Commonwealth v. Spotz**, 84 A.3d 294, 315 (Pa. 2014)). We discern no error in the PCRA court's decision that Appellant failed to meet this burden.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/8/2024